Application eor Writs oe Mandamus and Prohibition.
The opinion of the court was delivered by
Watkins, J.
The representations of the relator are that on the 12th of May, 1896, he filed a suit against the respondent in said judicial district and parish of Plaquemines, entitled James Wilkinson vs. Robert Hingle, .bearing the docket number 213 — the original record, and all the proceedings in which are annexed and made part of the proceedings herein for reference — “ contesting his title or right to the office of district judge.”
That there being no term of court for said parish within the five weeks ensuing after the service of his petition in said suit, the then presiding judge of said court granted an order directing a special jury to be summoned for the trial of said cause; and further ordered that said cause be fixed for trial before said jury on the third Monday in June, 1896.
*1138 That soon thereafter the respondent was commissioned as judge of said court, and he (relator) called upon him, and formally petitioned him to recuse himself in said cause, and appoint some judge of an adjoining district to try the same.
That the respondent should have recused himself without delay, yet he has, on the contrary, “ failed and refused to recuse himself, stating that he can issue no order, or do anything in this cause save during a session or term of court.”
Thereupon relator represents “ that such failure and x’efusal on the part of the respondent is illegal, and a denial of justice on his part;” and “ that unless the said recusation is had and a judge appointed to try said cause before the said day is appointed for the trial thereof, that the special jury (summoned) to try the same will have to adjou n and be resummoned, or finally discharged and a new jury selected.”
That he is entitled to a summary trial, and to have said application for the recusation of the judge acted upon immediately and in chambers; and to have the respondent enter an order making a summary and immediate transfer of said cause “to an adjoining and impartial forum ” for immediate trial and decision.
Relator alleges that subsequent to the formal tender of his plea of recusation the respondent is without right or authority to grant any order or take any action in the aforesaid cause, save and except to recuse himself and appoint another judge to try the same.
It is on the foregoing averments that the relator prays for a writ of mandamus to compel the respondent to enter an order in chambers and instanter recuse himself, and for a writ of prohibidioix preventing .him from granting any other order, or taking any further action in said cause.
The substance of relator’s plea of recusation in the aforesaid suit is, that respondent has a paramount interest in the trial and decision of said cause, and that same is sufficient “to warp his judgment and prejudice his mind in deciding same.” Thereupon he represents it to be. the duty of respondent “to forthwith recuse himself in this cause and appoint the senior judge of the Civil District Court for the parish of Orleans to try said cause in his place and stead,” etc.
As soon as said plea was handed to the respondent in chambers during the vacation of his court, he made the following counter-statement, substantially, in reply, to-wit:
*1139 That considering the provisions of Act 40 of 1880 he would have the right to select the judge to whom the plea of recusation should be referred for trial; and further considering that the provisions of Act 24 of 1894 have materially changed the procedure in contested election cases to one of ordinary form, his conclusion was that there is no law authorizing him to grant an order in chambers recusing himself, but that same can alone be made in open court. Therefore he declined to enter the order in chambers, and deferred action until such time as his court should be in session for the transaction of business.
The relator’s plea of recusation and his answer thereto are annexed to and made parts of his return; and therein are set out with some elaboration the same grounds for the denial of relief in the premises to the relator.
Considering the allegations of the petition and the respondent’s return, the sole question for decision appears to be, whether the law makes it the plain ministerial duty of a judge having a personal interest in a suit pending in his court to at once, and in chambers, enter an order recusing himself upon his recusable interest being suggested by one of the parties thereto; and the result must be that if we do not find that such duty is plainly imposed by law the relief prayed for by the relator must be refused.
Relator relies mainly upon the provisions of Act 129 of the extra session of 1877 as controlling the method of transferring contested election cases, in case the judge of the court wherein same are pending shall be recused. His counsel states that “ by the provisions of the above law the plea to the recusation could be filed at the time of filing the cause, or at any time previous to its assignment, and was to be passed upon and the case sent with the record to the judge of the adjoining district * * * Under the plain letter of this law (the act of 1877) the plea was to be filed and acted upon.immediately.” Brief, p. 2.
On the contrary, counsel for respondent contends that under the provisions of Act 72 of 1884, he was entitled to a delay of thirty days within which to pass upon any matter submitted to his court, and consequently relator’s application was premature.
His contention on the merits is, that there is no law authorizing the judge to grant an order of recusation in chambers — that is, out of term time. That not only is there no law authorizing, but none re *1140 quiring that such an order be granted otherwise than in open court, at term time; and that in the absence of any such requirement, the respondent can exercise his discretion.
That the former law providing for the summary trial of contested election cases was repealed by Act 24 of 1894, which provides that cases of contested elections for State, parish, district and municipal offices shall be filed and tried as ordinary suits, except that they shall enjoy a preference of trial over other ordinary suits.
And based on that statutory change, the further contention of respondent’s counsel is, that such cases shall be tried at regular terms of court, by juries regularly selected for attendance upon such terms of court — in case jury trials shall be applied for — and consequently there is no occasion for that celerity of proceeding which is suggested in the petition of relator with respect to a chamber’s order of recusation.
They insist that a district judge is a State officer within the meaning of the law in respect to contested elections, citing Wilson vs. Wiltz, 32 An. 691; State ex rel. Attorney General vs. Lamantia, 33 An. 449, and Sheboygan County vs. Parker, 3 Wallace, 93.
Finally, counsel for the respondent insists that Act 40 of 1880 is the law in force with regard to the recusation of judges elected under the Constitution of 1879; and they specially invoke the interpretation which this court gave to that statute in State ex rel. Jones vs. Judge, 41 An. 319.
They also make the point that mandamus is not a writ of right and will not go in any case in which adequate relief can be obtained by appeal, citing State ex rel. Helphen vs. Judge, 38 An. 97; State ex rel. Railroad Company vs. Judge, 36 An. 394.
Per contra relator’s counsel insists that it was equally the duty of the respondent, under the law of 1877 or of 1880, to have made the order of recusation in chambers.
We may preface our examination and conclusion with the statement that, in our opinion the relator’s case must stand upon the law in respect to the time and manner in which an order of recusation must be made by a judge on account of his personal interest in the suit which is depending in his court; and that the equitable consideration suggested by relator can not aid or assist in the least, in the interpretation of matters of our supervisory power.
We may further premise by saying, that in our opinion Act 72 of *1141 1884, refers in terms to “ causes taken under advisemenc by district judges,” exclusively, and not to orders of recusation and the like.
An examination of Act 129 of 1877, extra session, discloses that in a suit to contest an election for a judicial office, wherein the presiding judge of the district has a personal interest, “ on motion of the defendant or of the plaintiff, either may, at any time before the assignment of the case, have the same transferred to and tried by the judge of the District Court whose residence is nearest to the residence of the defendant.” Sec. 1.
It further provides that “ the plaintiff or the defendant may, at the time the suit is instituted or at any time after, apply to the judge of said residence for a rule issued to the judge who can not try the case because recused on his own motion,” or otherwise, to show cause within three days from the date of service of said rule why he should not try the case, and that, in applying for said rule, the said plaintiff shall swear that the defendant is interested,” etc. Sec. 3.
It further provides “ that upon the said application being made, it shall be the duty of the judge applied to to make the said rule absolute if cause of recusation exists and if his residence is nearest to the residence of the defendant, as above mentioned,” etc. Sec. 4.
The substance of the foregoing provisions is that when a district judge is personally interested in a suit contesting his election to such judicial office, either party may at any time before the assignment of the case for trial have the cause assigned to and tried by the judge of an adjoining district, and that at the time the suit is filed, or at any time thereafter, apply to the judge of the adjoining district to whom it is assignable, for a rule upon the judge who has an interest to show cause within three days why the former should not try the case.
That upon said application being made, and sworn to, it shall be the duty of the judge applied to — that is, the judge of the adjoining district — to make said rule absolute, if cause of recusation exists.
From the foregoing analysis of that act, it seems clear, that the purpose of the Legislature was to deprive the judge who was personally interested in a contested election suit, of all power over the question of his recusation vel non, and to confer it upon the judge of the adjoining district, exclusively.
This is not the interpretation which the relator has placed upon *1142 that statute. It is just the opposite view of it that he has taken, in asking for a writ of mandamus to coerce the respondent to perform a duty, the power to perform which was expressly taken away from him thereby.
Referring to Act 40 of 1880, we find it is general law upon the subject of the “ causes of recusation of the district judges and the trial of recused causes; ” and it specially provides “ that in cases in which a judge of the District Court shall be recused for the cause of interest, he shall, for the trial thereof, appoint some district judge of an adjoining district, * * * and the order, of the court making the appointment shall be entered on the minutes thereof,” etc. Sec. 3, Act 40 of 1880.
And it is made the duty of the judge thus appoinied “ to go to the court at which the recused case ‘is pending,’ and there try and determine the case.” Ibid., Sec. 4.
It further provides, that if said recused case “ has not been tried in nine months from the date of the recusation, it shall be the duty of the district judge to order the transfer of such ease to the District Court of the nearest parish of an adjoining district, the judge of which is competent to try the cause,” etc. Ibid., Sec. 5.
It further provides, that “all laws or parts of laws in conflict with this act be and the same are hereby repealed.” Ibid., Sec. 8.
It is quite apparent that this law covers the same ground exactly as that which is covered by the Act of 1877. In other words, the mode to be pursued at the inception of a contested election suit, in which a District Judge has a personal interest, is for the recusedjudge to appoint the judge of an adjoining district to try said recused case, whose duty it shall be to go to the court in which the recused case is pending and try the same. It is equally apparent, that the respondent would have violated the provisions of this act, if he had attemped to transfer this cause to a judge of some adjoining district under the Act of 1877, as the relator proposed to have him do, and before the lapse of the period of nine months. Indeed, that act seems to us illogical, in that it proposes to summarily divest a District Judge of all power over a cause pending in his court, and to assign the same to the judge of an adjoining district for the purpose of determining the recusable interest of the judge, upon the simple motion of a party to the suit, and who is directly interested in the result thereof.
*1143 Certain it is, that, under the Act of 1880, the respondent had neither power or authority to transfer the cause of Wilkinson vs. Hingle “to an adjoining and impartial forum” for immediate trial and decision, .as relator claims he should have done; and has not made himself amenable to mandamus because he has declined so to do.
The Act of 1880 was examined and construed in State ex rel. Gates vs. Judge, 38 An. 452.
It has been settled by judicial construction, that the act of 1877 was repealed and superseded by the act of 1880.
State ex rel. Jones vs. Judge, 41 An. 319.
From a careful review of all the legislative acts and authorities bearing on the question, it appears that the plea of recusation must be formally filed in the contested election suit, and the judge whose recusation is thus tendered should enter his order recusing himself, and call the judge of an adjoining district to come into his court and try the recused case — if the cause of recusation is couceded, or apparent; but same is alone triable in open court. State ex rel. Segura vs. Judge, 37 An. 253; Hunter vs. Blackman, Man. Unr. Cases, 427; State ex rel. Trimble vs. Judge, 38 An. 247.
The judge thus selected must leave his own court, and go into the court of the recused judge, and try and decide the case conformably to the provisions of Act 24 of 1894, as a district judge is a district officer in the sense of that statute; and they declare that such suits as come within the contemplation of that act shall be tried “in all respects as ordinary suits.” And the provisions of that act are general and sweeping and embrace all officers therein enumerated, whether State, parish, district, or municipal; and in this respect they are an enlargement of those of Act 24 of 1877.
Our conclusion is that relator has not stated a case entitling him to relief, and hence the preliminary restraining order is set aside, and the relief prayed for denied at his cost.